UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | ) |  |
|---|---|---|
|  | ) |  |
| **US Real Estate Equity Builder, LLC,** | ) | Case No. 20-21358 |
|  | ) |  |
| Debtor. | ) |  |

## MOTION TO APPROVE SETTLEMENT AND COMPROMISE

Christopher J. Redmond ("Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate of US Real Estate Equity Builder, LLC, by and through his undersigned counsel, for his Motion to Approve Settlement and Compromise (the "Motion"), states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. Debtor US Real Estate Equity Builder LLC ("Debtor") commenced the captioned case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 2, 2020.

3. On September 12, 2022, the case was converted from Chapter 11 to Chapter 7, and the Trustee was appointed as the Chapter 7 Trustee over the Debtor's bankruptcy estate.

4. The Trustee filed a Complaint in Adversary Proceeding No. 22-06049 (the "Adversary Proceeding") against Defendants Guardians of Travel, LLC ("GOT") and Mackaylee Beach ("Beach," and together with GOT, the "Defendants") seeking the disallowance claims and avoidance of transfers of certain real property and cash transfers of at least $83,921.76

(collectively, the "Transfers") from the Debtor to Defendants as fraudulent transfers and/or preferences.

5. Defendant GOT, filed an amended proof of claim ("Claim 12-4") in the amount of $75,753.85 on December 01, 2022, against the Debtor's bankruptcy estate, and a proof of claim ("Claim 13-1") in the amount of $129,238.24 on February 4, 2021 against the bankruptcy estate for USREEB Dayton, LLC (Case No. 20-21359) (the "USREEB Dayton Bankruptcy Estate").

6. Defendant Beach, the sole member of GOT, filed a proof of claim ("Claim 14-1") in the amount of $54,887.55 on February 4, 2021 against the USREEB Dayton Bankruptcy Estate.

7. Defendants deny that the claims can be disallowed or that the Transfers are avoidable.

8. After negotiation, the Trustee has resolved the issues with Defendants, subject to the Court's approval. The settlement is evidenced by the Settlement Agreement attached as Exhibit A and contains the following material terms (the "Proposed Settlement"):

   a. Defendants shall withdraw their claims filed against Debtor and the USREEB Dayton Bankruptcy Estate, including Claim 12-4, Claim 13-1, and Claim 14-1.

   b. The Trustee shall dismiss the Adversary Proceeding with prejudice.

   c. The parties are exchanging mutual releases, as set forth more fully in the Settlement Agreement.

   d. The Proposed Settlement and the Settlement Agreement are expressly subject to and contingent upon Bankruptcy Court approval.

**RELIEF REQUESTED**

9. By this Motion, the Trustee seeks the following relief (the "Requested Relief"):

   a. Approval of the Proposed Settlement;

   b. Approval of the Settlement Agreement attached as Exhibit A to this Motion;

   c. A finding that notice of the Motion was accurate, appropriate, reasonable and legally sufficient under the circumstances and in accordance with applicable

Bankruptcy Code provisions and Bankruptcy Rules; and

    d. Such other and further relief as the Court deems just and appropriate.

## BASIS FOR RELIEF

10. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. In the Tenth Circuit, "[a] bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989). "The bankruptcy court's decision to approve the settlement, however, must be an informed one based upon objective evaluation of developed facts." *Id.* at 892. In discussing how to evaluate the standard set forth in Reiss, courts have found that the bankruptcy court's general charge is "to determine whether the settlement is fair and equitable and in the best interest of the estate." *Official Committee of Unsecured Creditors of Western Pacific Airlines, Inc. v. Western Pacific Airlines, Inc.*, 219 B.R. 575, 579 (D. Colo. 1998). In considering this general charge, the Court should look at the following factors:

    a. "[T]he probable success of the litigation on the merits;"

    b. "[A]ny potential difficulty in collection of a judgment;"

    c. "[T]he complexity and expense of the litigation;" and

    d. "[T]he interests of creditors in deference to their reasonable views."

*Id.; see also Kopp v. All Am. Life Ins. Co.*, 213 B.R. 1020, 1022 (10th Cir. B.A.P. 1997). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *See In re Penn. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993). The Trustee submits that consideration of the above-listed factors weighs in favor of approval of the Proposed Settlement.

11. The Trustee submits that consideration of the above-listed factors weighs in favor of approval of the Proposed Settlement, especially considering many existing facts and circumstances, including, without limitation:

   a. Defendants are represented by competent counsel, and both parties have participated in, or contributed to, the drafting and preparation of the Proposed Settlement.

   b. Defendants assert that the Transfers are subject to defenses.

   c. The Proposed Settlement will reduce the claims asserted against the Debtor's bankruptcy estate by approximately $75,753.85.

   d. The Proposed Settlement will reduce the claims asserted against the USREEB Dayton Bankruptcy Estate by approximately $184,125.79. The Debtor's estate has filed a claim against the USREEB Dayton Bankruptcy Estate, and a reduction in claims against the USREEB Dayton estate increases the potential distribution to the Debtor's estate on its claim.

   e. The Proposed Settlement will expeditiously resolve disputed issues of law and fact in the Adversary Proceeding without further litigation costs.

12. Given the circumstances, the Trustee believes the Proposed Settlement is the best result obtainable and is well above the lowest point in the range of reasonableness. For these reasons, the Trustee requests the Court approve the Proposed Settlement.

13. The Trustee intends to serve this Motion to all parties listed on the mailing matrix for Debtor's case via regular, U.S. Mail. Upon completion of the same, the Trustee will file the appropriate certificate of service with the Court evidencing service on such parties.

14. WHEREFORE, the Trustee respectfully requests that this Court enter an order granting the Requested Relief, and for such other and further relief as this Court deems just and proper.

Dated: June 29, 2024

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Andrea M. Chase
Eric L. Johnson             KS #20542
Andrea M. Chase             KS #26307
1000 Walnut St., Suite 1400
Kansas City, Missouri  64106-2140
Phone: 816-474-8100
Facsimile: 816-474-3216
Email: ejohnson@spencerfane.com
       achase@spencerfane.com

COUNSEL FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

       I hereby certify that on this 29 day of June, 2024, a true and correct copy of the above and foregoing document was electronically filed with the Court using the CM/ECF system, which will send notice of electronic filing to all parties requesting notice pursuant to Bankruptcy Rule 2002 and other interested parties. The Trustee will file a supplemental certificate of service of additional notice parties.

       */s/Andrea M. Chase*
       Attorney for Chapter 7 Trustee